SYKES v. THE PLANTERS' HOUSE and INSURANCE COMPANY OF ST. LOUIS.

MAY TERM.
1842.

Sykes
v.
Plant. House
and Ins. Co.
of St. Louis.

SAME v. SAME.

Where a party seeks to consolidate suits on accounts, and to dismiss the suit so consolidated for want of jurisdiction in the justice, and appeals from the decisions of the justice against him thereupon, he will be held to strict proof of the pendency of the several suits before the justice.

Appeal from the St. Louis Circuit Court.

BLAIR & GANTT for Appellant.

DRAKE for Appellees.

*Opinion of the Court, delivered by Tompkins, Judge.*

The Planters' House, &c. sued Sykes before a justice of the peace. The justice gave judgment against him, and he appealed to the circuit court, and that court giving judgment against him, &c., appeals to this court.

From the transcript of the justice's docket on the record of the circuit court, it appears that the suit was founded on an account for sums due on two shares of the stock of the company, subscribed and owned by Sykes, due, respectively, January 1st, 1840, January 20th, 1840, February 20th, 1840, and March 10th, 1840.

We have before us another record from the same court, of a suit of the same date, betwixt the same parties, on an account for sums due on two shares of the said company, &c., due, respectively, April 20th, May 20th, August 1st, and September 1st, 1840, and in each case there is a bill of exceptions, in each of which it is stated that the defendant admitted his subscription to the stock of the plaintiffs, and his indebtedness as stated in the cases. The defendant moved the court to consolidate the said suits into one, and dismiss the suit so consolidated for want of jurisdiction in the justice, in as much as all the arrearages upon which said suits were founded, grew out of the same subscription to the

42

MAY TERM.
1842.

Sykes
v.
The Planters'
House and In.
Comp'y. of St.
Louis.

Where a party
seeks to con
solidate suits
on accounts,
and to dismiss
the suit so con-
solidated, for
want of juris-
diction in the
justice, and
appeals from
the decision of
the justice
against him
thereupon, he
will be held to
strict proof of
the pendency
of the several
suits before
the justice.

same stock, &c. The court overruled the motion and gave judgment for the plaintiffs.

This court has decided that in suits on notes they will not compel justices to consolidate several demands founded. on notes, but will suffer them to be sued on separately and at the same time. See Martin v. Chauvin, 7th Mo. Rep. 271 ; and Barnes v. Holland, 3d Mo. Rep. 49 ; Wheat. 47. What the court might do in the case of two several suits, eviden-ced by an account only, is not now necessary to be decided. If on any occasion it could be done, this is perhaps such a one ; as the several sums become due by instalments, and there is little danger of confusion ensuing. It is sufficient to say, that it does not appear on either record, otherwise than by recital, that there are two suits pending in court betwixt the same parties.

The justices' courts are established for the use and conve-nience of the plaintiffs and defendants, and the law establish-ing them ought to be liberally construed. It is not pretended that there is any statute requiring justices to consolidate suits. The circuit court might dismiss suits founded on accounts, where the plaintiff shows a disposition to vex and harass the defendant, but on this subject I give no opinion ; it would be "extrajudicial. The advantage which the appellant seeks here, is to be derived from a strict construction of the law, amounting to a technicality, and as he has not strictly pro-ved his right to have these suits dismissed, even if this court should be of opinion that two suits on account would not be proceeded in before a justice betwixt the same parties, at the same time, the judgment of the circuit court will be af-firmed.